FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON ELLSWORTH COAPLAND, | No. 10-35952 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00486-BLW |
| v. | |
| LONG, Sgt.; IDAHO STATE CORRECTIONAL INSTITUTION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding [**]

Submitted October 27, 2011[***]
San Francisco, California

Before: FARRIS, BEEZER, and LEAVY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jason Coapland appeals pro se from the district court's grant of summary judgment to Sgt. Sandra Long on his Eighth Amendment deliberate indifference claim. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The facts of this case are known to the parties. We need not repeat them here.

The district court properly granted summary judgment to Sgt. Long. To prove an Eighth Amendment deliberate indifference claim, a prisoner-plaintiff must show that the prison official was subjectively aware of the risk. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Coapland provided no evidence, other than his unsupported allegations, to suggest that Sgt. Long knew the identity of the man who allegedly assaulted Coapland, and "this court has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (internal quotation marks omitted). We also note that Copeland gave conflicting accounts regarding his own knowledge of the identity of the assailant, and he never identified the assailant in the pleadings or other filings.

Coapland argues strenuously that discovery was inadequate, but his proper recourse would have been a Rule 56(f) motion. *See* Fed. R. Civ. P. 56(f). A district court may enter summary judgment, where it is otherwise appropriate, if the non-moving party fails to file a Rule 56(f) application. *See Carpenter v.*

*Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir. 1991). For the reasons stated above, the district court properly granted summary judgment, thus Coapland's failure to move for a Rule 56(f) continuance prevents him from challenging the inadequacy of evidence before the district court. Even if we were to treat his final motion to compel discovery as a Rule 56(f) application, he has not provided sufficient facts to show that the alleged tape recording exists. *See Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

We have reviewed Coapland's remaining contentions, and determine that they lack merit.

AFFIRMED.